Donohue, J.
Plaintiff, Richard Davis, brings this action on behalf of his daughter, Melissa Davis (“Melissa”). Plaintiff seeks to enjoin the defendants from preventing his home-schooled daughter from trying out for and participating on the Norton High School girls’ softball team. Plaintiff claims that the Massachusetts Interscholastic Athletic Association, Inc.’s (“MIAA”) actions were arbitrary and capricious and in violation of the Constitution of the Commonwealth of Massachusetts and the Fourteenth Amendment of the U.S. Constitution. The MIAA argues that home-schooled students are not members of a school since they do not attend school sessions and are thus not eligible to participate in interscholastic athletic programs.
FACTS[1]
Melissa Davis is a home-schooled student who resides in Norton, Bristol County, Massachusetts. She is under the educational jurisdiction of the principal of Norton High School and adheres to a home-school educational plan approved by the Norton School Committee. Melissa is a windmill softball pitcher and wants to try out for the Norton High School girls’ softball team.
On or about September 12,1994, an application for a student waiver of the athletic eligibility rule was submitted to the MIAA on Melissa’s behalf. On or about September 16, 1994, the MIAA denied Melissa’s application for a waiver. The MIAA based its decision on rule 65 of the MIAA rules. This rule requires a student to be attending school sessions in order to participate in interscholastic athletics. The MIAA determined that because Melissa was home-schooled she was not attending school sessions within the meaning of rule 65 and thus was not eligible to try out for the girls’ softball team. The Superintendent of Norton High School, defendant Dr. Morris Splain, has indicated that he will not allow Melissa to play on the team without a waiver from the MIAA.[2] Since tryouts for the team are scheduled in January and February of this year, Melissa is seeking a preliminary injunction.
DISCUSSION
When evaluating a request for a preliminary injunction the court must first evaluate, in combination, the moving party’s claim of injury and its chance of success on the merits. Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 616-17 (1980). If the failure to issue the injunction would subject the moving party to a substantial risk of irreparable harm, the court must then balance this risk against any similar risk of irreparable harm which granting the injunction would create for the opposing party. Id. “In the context of a preliminary injunction the only rights which may be irreparably lost are those not capable of vindication by a final judgment, rendered either in law or in equity.” Id. at 617 n. 11.
The MIAA denied a waiver for Melissa to try out for the girls’ softball team because she was not attending school sessions. However, in Care and Protection of Charles, 399 Mass.324 (1987), the Supreme Judicial Court held that a home school shall meet all of the same requirements for the approval of a private school. Furthermore, G.L.c. 76, §1 (1992 ed.) provides that a *376 private school must meet the same educational requirements of the public schools in the same town.
Melissa’s home-schooling program has been approved by the superintendent of Norton High School and her academic progress is constantly monitored by the school. Melissa has taken all required standardized tests and has performed equal to or above high school levels. Therefore, although Melissa does not attend school sessions at Norton High School, she attends school sessions at her home that are academically equivalent to those at Norton High School.
Plaintiff argues that MLAA rule 65 violates Melissa’s equal protection rights. For the purposes of this analysis, the standard of review under the cognate provisions of the Massachusetts Declaration of Rights is the same as under the Fourteenth Amendment to the Federal Constitution. Commonwealth v. Franklin Fruit Co., Inc., 388 Mass. 228, 235 (1983). “Absent a showing that a statute burdens a suspect group or fundamental interest, it will be upheld as long as it is rationally related to the furtherance of a legitimate State interest.” Dickerson v. Attorney General, 396 Mass. 740, 743 (1986) (citations omitted). See also Commonwealth v. Arment, 412 Mass. 55, 63 (1992) (“State action violates equal protection if it subjects persons to classification resulting in different treatment . . . , and if . . . there is no rational relationship between the line drawn and a legitimate State interest . . .”).
The opportunity to try out for a high school athletic team is not a fundamental interest and Melissa is not being classified as part of a suspect group. Therefore, her claim must be tested under a rational basis standard. Although the rational basis standard is a minimal one, Melissa has a substantial likelihood that her claim will succeed on the merits.
MIAA rule 65 will be viewed as state action for the purpose of the equal protection analysis. See Attorney General v. Massachusetts Interscholastic Athletic Association, Inc., 378 Mass. 342, 349 (1979).[3] The implied goal of MIAA rule 65 is to prevent students who are not attending school sessions of any nature from participating in interscholastic sports. This purpose is a valid one and a school has a right to create regulations for a student’s participation in extracurricular activities. Despite this authority, however, a school should afford all students attending that school the same privileges and advantages.[4]
In the instant case, Melissa is in fact attending school sessions. The only difference between Melissa and any other Norton High School student is that she attends classes at home instead of in the Norton High School building. The classification created by MIAA rule 65 results in disallowing Melissa from participating on the Norton High School girls’ softball team solely because she is home-schooled. Thus, the classification creates varying treatment of students based on in-school and home-school status and the classification and varying treatment are not rationally related to a legitimate State purpose.[5] See Arment, supra at 62.
In addition, since try outs for the team are held in January and February, awaiting a final judgment may cause Melissa irreparable harm and require her to forfeit the entire softball season.[6] Likewise, the MIAA has not shown that the issuance of injunctive relief would be unduly burdensome.
ORDER
For the foregoing reasons, the plaintiffs request for a preliminary injunction on Count III of its complaint is ALLOWED. The preliminary injunction shall issue enjoining defendants, MIAA and Dr. Splain, from refusing plaintiffs daughter, Melissa Davis, the right to try out for and, if she makes the team, participate on the Norton High School girls’ softball team and the rights and privileges connected therewith during the pendency of this action. The preliminary injunction shall also bar the MIAA from penalizing the Norton High School girls’ softball team, its coaches or representatives for fielding a team with Melissa Davis as a member.

Parties did not brief this case and the facts were derived from the complaint.

 At oral argument, the parties agreed that Melissa is allowed to participate in non-athletic extracurricular activities at Norton High School.

Local school committees have in effect delegated their authority under G.L.c. 71, §47, thus allowing the MIAA to govern and regulate competitive sports among most public secondary schools. Attorney General v. MIAA, supra at 345.

“As Justice Blackmun stated in Bakke: The administration and management of educational institutions are beyond the competence of judges and are within the special competence of educators, provided always that the educators perform within legal and constitutional bounds.’ ” Attorney General v. MIAA, supra at 363.

The MIAA has only provided mere speculation as its rationale for preventing Melissa from participating on the Norton High School girls’ softball team.

 In order to try out for the team, Melissa also must meet the physical health requirements set by the Norton High School athletic department.